**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JAMES GARDNER,

    Petitioner,

vs.                                      Case No.    3:07-cv-949-J-32TEM
                                                                            3:03-cr-371-J-32TEM

UNITED STATES OF AMERICA,

    Respondent.

## **ORDER**[1]

This case is before the Court on petitioner James Gardner's pro se Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Doc. 1) and the United States' Response. (Doc. 7.) Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the instant petition.

On December 11, 2003, petitioner was indicted for conspiracy to possess with intent to distribute five (5) kilograms or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846 (Count One) and for possession with intent to distribute 500 grams or more of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) and Title 18, United

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

States Code, Section 2 (Count Two).  (Crim. Doc. 1.)[2]   On May 25, 2004, the jury returned a conviction on both counts.  (Crim. Doc. 88.)  On September 15, 2004, the Court sentenced petitioner to 121 months imprisonment as to Count One and sixty months imprisonment as to Count Two, to run concurrently.   (Crim. Doc. 97.) Petitioner appealed his sentence to the Eleventh Circuit and that court affirmed petitioner's conviction and sentence on January 12, 2006.  United States v. Gardner, 164 F. App'x 839 (11th Cir. 2006).  Petitioner timely sought certiorari review by the U.S. Supreme Court which was denied on October 2, 2006.  Gardner v. United States, 127 S.Ct. 290 (2006).

Petitioner filed the instant § 2255 petition in this Court on September 24, 2007 pursuant to the "mailbox rule". (Crim. Doc. 130; Doc. 1).  See Houston v. Lack, 487 U.S. 266 (1988).  He raises three separate grounds for relief.  The government argues that all three grounds were raised on direct appeal and rejected by the Eleventh Circuit.

**I. Legal Standard**

Title 28, United States Code, Section 2255, allows attack on a sentence on only four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentence was imposed without jurisdiction; (3) the sentence

---

[2] Citations to Gardner's criminal case file, 3:03-cr-371-J-32TEM, are denoted as "Crim. Doc. ___." Citations to Gardner's civil § 2255 case file, 3:07-cv-949-J-32TEM, are denoted as "Doc. ___."

2

was imposed in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. Only jurisdictional claims, constitutional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice warrant relief on collateral attack. United States v. Addonizio, 442 U.S. 178, 184-86 (1979).

## II. Analysis

### A. Ground One

In Ground One, petitioner makes a Sixth Amendment Claim, contending that this Court sentenced him "based on a quantity of drugs that was [not] found beyond a reasonable doubt by the jury . . . ." (Doc. 1 at 4.)  However, the Eleventh Circuit previously rejected petitioner's "conclusory argument that the government failed at sentencing to prove the drug amount involved." Gardner, 164 F. App'x at 843. The court held that "[t]he district court correctly stated that the jury determined that the conspiracy involved five kilograms or more of cocaine." Id. Once a claim has been raised and adversely decided on direct appeal, it cannot be re-litigated in a collateral attack under § 2255. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000).

### B. Ground Two

In Ground Two, petitioner makes a Fifth Amendment Claim, contending that he "was not allowed to put on certain evidence that . . . would have lead . . . to . . . finding me innocent." (Doc. 1 at 5.)  In his accompanying Memorandum of Law in Support,

petitioner clarifies his argument by asserting that this Court erred in excluding certain aspects of Officer Michael Lee's testimony at trial. (Doc. 2 at 6-7.) However, the Eleventh Circuit rejected this claim, holding that petitioner's argument was "belied by the record, which shows that the district court did not prohibit [petitioner] from questioning Officer Lee about these matters." Gardner, 164 F. App'x at 840 (footnote omitted).

### C. Ground Three

In Ground Three, petitioner argues that there was insufficient evidence to support his conviction and sentence. (Doc. 1 at 7.) In his Memorandum of Law, petitioner specifies that he is focusing his challenge on the conspiracy count. (Doc. 2 at 8-9. Here too, the Court finds this issue has been considered and rejected on direct appeal. See Gardner, 164 F. App'x at 842 ("Viewing the evidence in the light most favorable to the government, a reasonable jury could find [petitioner] guilty of conspiracy to possess with intent to distribute, and aiding and abetting in possession with intent to distribute, beyond a reasonable doubt.").

### III. Conclusion

Because the Court finds none of the grounds raised in Gardner's petitioner provide any basis for relief, it is hereby

**ORDERED:**

James Gardner's Motion to Vacate, Correct, or Modify Sentence Pursuant to

28 U.S.C. § 2255 (Doc. 1) is **DISMISSED WITH PREJUDICE**.  The Clerk shall enter judgment in favor of the United States and against James Gardner, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 27th day of October, 2008.

_____
TIMOTHY J. CORRIGAN
United States District Judge

jcd.
Copies:
counsel of record
pro se party